PER CURIAM.
S.J.J., a juvenile, is charged with possession of marijuana within 1,000 feet of a school with intent to sell. This is a second-degree felony pursuant to section 893.13(l)(c)2, Florida Statutes (1997). He was initially placed in secure detention but later placed in home detention with electronic monitoring. He petitions this court for a writ of habeas corpus, arguing that he does not qualify for any form of detention prior to the adjudicatory hearing under the provisions of section 985.215(2)(f), Florida Statutes. That is, a juvenile charged with a second-degree felony involving a violation of chapter 893 is not qualified for detention unless he meets one or more certain criteria set forth in the statute. Those criteria include a record of failure to appear at court hearings, a record of law violations prior to court hearings, other pending charges, a record of violent conduct, or possession of a firearm. See § 985.215(2)(f)l-5, Fla. Stat. It is undisputed that petitioner has no prior criminal record and does not meet any of these additional statutory criteria.
In response to this court’s order to show cause why the petition for writ of habeas corpus should not be granted, the state agrees that petitioner is entitled to the relief sought.
Accordingly, we grant the petition ánd issue' the writ of habeas corpus, directing the circuit court to immediately enter an order releasing S.J.J. from detention until commencement of the adjudicatory hearing. No motion for rehearing will be entertained and this .court’s mandate shall issue forthwith.
PETITION GRANTED.
KAHN, MICKLE and DAVIS, JJ., concur.